**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | |
|---|---|
| **DOUG GESSFORD,** | **CIVIL ACTION NO. 5:25-322-KKC** |
| **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **JULY BUSINESS SERIVCES, INC.,** | |
| **Defendant.** | |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on the Motion to Remand (R. 11) filed by Plaintiff, Doug Gessford. For the following reasons, the Court will grant the motion.

**I.      Facts**

Plaintiff Gessford originally filed a single-count complaint in Montgomery Circuit Court alleging that defendant, July Business Services, Inc., was negligent in its transfer of retirement funds from Gessford's 401(k) plan to an IRA account. In its Notice of Removal (R. 1), July asserts that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which grants federal district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Specifically, July asserts that Gessford's negligence claim is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). In his Motion to Remand, Gessford maintains his negligence claim is based on a contract between the parties, not on ERISA.

"The defendant has the burden of establishing that removal is proper." *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). If there is any doubt as to the right of removal, that doubt should be resolved in favor of remand to the state court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006).

1

Typically, this Court has federal question jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 27–28 (1983). However, "[w]hen [a] federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law . . . [and] is then removable under 28 U.S.C. § 1441(b) . . . . " *Ben. Nat.'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).

"There are two forms of ERISA preemption: express preemption (which applies broadly) and complete preemption (which applies narrowly)." *K.B. v. Methodist Healthcare - Memphis Hosps.*, 929 F.3d 795, 800 (6th Cir. 2019). July does not argue that express preemption allows for removal in this case but maintains that complete preemption provides the Court with jurisdiction over this matter. "A state suit may be completely preempted (and subject to removal) if it asserts a state law cause of action to enforce the terms of an ERISA plan and that suit conflicts with or duplicates the federal cause of action provided in ERISA's enforcement provision, 29 U.S.C. § 1132(a)(1)(B)." *Methodist Healthcare*, 929 F.3d at 800 (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 214 (2004)).

The Sixth Circuit applies the conjunctive two-part *Davila* test to determine whether complete preemption is proper in an ERISA-related case, and the removing party must satisfy both prongs to establish federal jurisdiction. "First, the plaintiff must be complaining about a denial of benefits under the terms of [their] ERISA plan. Second, the plaintiff must only allege the violation of a legal duty (federal or state) that is dependent on ERISA or on the ERISA plan's terms. '[N]o other independent legal duty [may be] implicated by a defendant's actions.'" *Methodist Healthcare*, 929 F.3d at 800 (citations omitted).

Gessford alleges that on March 28, 2025, he and his wife contacted July through their financial advisor to initiate an in-service rollover distribution from their respective 401(k) funds to new IRA

2

accounts with the Bank of New York Mellon. (R. 1-2 Complaint ¶ 6.) July processed Mrs. Gessford's request on March 31, 2025, so stock in her 401(k) fund was liquidated on that date. (*Id*. ¶ 9.) The proceeds were reinvested in Mrs. Gessford's new IRA account on April 3, 2025. (*Id*.) Gessford alleges that this timing was critical because, after the stock in Mrs. Gessford's 401(k) fund was liquidated (March 31, 2025) and before the proceeds were reinvested in her new IRA account (April 3, 2025), the market "took a precipitous downturn." (*Id*. ¶ 11.) This meant that she "effectively sold high and bought low," which favored her financially. (*Id*. ¶ 13.)

Gessford alleges that, due to an oversight, July did not process his request until April 7, 2025. (*Id*. ¶¶ 15– 17.) Gessford alleges that this meant he missed out on the favorable market fluctuations that benefitted his wife. Instead, Gessford alleges, stock in his 401(k) was liquidated when the market was depressed, and the proceeds were reinvested in his new IRA account when stock prices were high. In other words, he alleges that, due to July's oversight, he "effectively sold low and bought high," which is not a favorable financial outcome. (*Id*. ¶¶ 18– 19.) He alleges that, as a result, both his 401(k) and his new IRA are worth less than they would have been had July processed his request on the same timetable as it processed his wife's request. (*Id*. ¶ 27.)

As to the first prong of the *Davila* test, July asserts that Gessford seeks to recover benefits due to him under the plan because he alleges that the value of his 401(k) plan was diminished by July's delay in processing his request. However, "[w]here a plaintiff includes plan benefits as 'simply a reference to [the] specific, ascertainable damages [the plaintiff] claims to have suffered as a proximate result of' a defendant's tortious conduct, complete preemption under § 1132 does not apply." *Byars v. Greenway*, No. 14-1181, 2014 WL 7335694, at *4 (W.D. Tenn. Dec. 19, 2014) (quoting *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 615 (6th Cir. 2001)). Gessford does not assert a claim for ERISA benefits to which he believes he was entitled but wrongfully denied. He is seeking monetary damages that he allegedly suffered as a result of July's delay in transferring his existing retirement funds. Thus, July has failed to satisfy the

3

first prong of the *Davila* test.

As to the second prong, July points out that, because it served as a third-party administrator to Mr. Gessford's 401(k) plan, the parties' relationship was derived entirely from an ERISA-governed plan. Because that relationship could not exist but-for the ERISA plan, July argues that Gessford necessarily alleges a violation of a duty that is dependent on ERISA. The Sixth Circuit has, however, rejected such a but-for test to determine whether the plaintiff's claim is dependent on ERISA or on the ERISA plan's terms. *Milby v. MCMC LLC*, 844 F.3d 605, 611 (6th Cir. 2016). "[A]n independent duty may exist even when an ERISA plan is the basis for the relationship between the parties." *Id.*

Gessford asserts that his claim is based on Kentucky's universal duty of care, pursuant to which "every person owes a duty to every other person to exercise ordinary care in his activities to prevent foreseeable injury." *James v. Meow Media, Inc.*, 300 F.3d 683, 690 (6th Cir. 2002) (citation omitted). "A state-law tort is independent of ERISA when the duty conferred was 'not derived from, or conditioned upon, the terms of' the plan and there is no 'need to interpret the plan to determine whether that duty exists.'" *Milby*, 844 F.3d at 611 (quoting *Gardner v. Heartland Indus. Partners, LP*, 715 F.3d 609, 614 (6th Cir. 2013)). Here, Kentucky's universal duty of care is not derived from, nor is it conditioned upon the terms of Gessford's 401(k) plan. Additionally, the Court does not need to interpret the terms of the 401(k) plan to determine whether that duty exists. Thus, Gessford's claim is based on an independent legal duty, not the terms of the ERISA-governed plan. July has failed to satisfy the second prong of the *Davila* test.

The *Byars* court addressed a similar issue. There, the plaintiff sued a company and their agent for improperly notarizing an annuity form, "preventing [the plaintiff] from receiving distributions from her deceased husband's retirement plans." *Byars*, No. 14-1181, 2014 WL 7335694, at *4. The defendants filed a notice of removal on the grounds that the plaintiff's claims were completely preempted by ERISA, but the court rejected the company's preemption arguments because Byars was not seeking benefits from

4

ERISA plan assets directly. Similar to Gessford's suit against July, Byars sought monetary damages relative to the diminished value of the benefit she received resulting from the agent's improper notarization. The *Byars* court noted that "[i]f those damages 'would be payable from [the defendant's] own assets' rather than from the plan, the argument against complete preemption becomes even stronger." *Id*. (quoting *Gardner*, 715 F.3d at 614). Like Byars, Gessford is seeking damages from July directly, not from the 401(k) plan itself.

Accordingly, the Court hereby ORDERS as follows:

1) The Motion to Remand (R. 11) is GRANTED;

2) The case is REMANDED to the Montgomery Circuit Court for further proceedings; and

3) The Court denies the motion for judgment on the pleadings (R. 10) for lack of jurisdiction.

This 25th day of June, 2026.

**Signed By:**

***Karen K. Caldwell***

**United States District Judge**